IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JYOTHI PEELA,

    Plaintiff,

v.                                Civil Action No. RDB-14-2482

BROWNIT CORPORATION,[1]

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

Plaintiff Jyothi Peela ("Peela" or "Plaintiff"), as successor in interest[2] to San Systems, Inc. ("San Systems"), brings this diversity action against Defendant BrownIT Corporation ("BrownIT" or "Defendant"), alleging a breach of contract claim under Pennsylvania law. San Systems, a forefeited Maryland corporation, formerly "engaged in the temporary staffing services business providing temporary personnel to customers with staffing needs." Compl. Ex. A ¶ 1, ECF No. 1-1 (Contract). San Systems entered into a contract under Pennsylvania law with BrownIT, pursuant to which San Systems agreed to provide BrownIT with temporary employees for a specified period. *Id.* ¶ 5. Plaintiff alleges that Defendant breached the subject contract by failing to pay certain invoices submitted by San Systems to Defendant. Compl. ¶¶ 8-9, ECF No. 1.

---

[1] Plaintiff incorrectly names Defendant BrownIT Corporation as "BrownIT, Inc." in the Complaint (ECF No. 1). The Clerk of the Court is directed to re-caption this action in accordance with this correction.
[2] Defendant contends that Plaintiff cannot show that she is the successor in interest to San Systems, yet this argument is unpersuasive. Under Maryland law, a director and/or trustee of a corporation may sue in his own name or in the name of the corporation. Md. Code Ann., Corps. & Ass'ns § 3-515(c). When a corporation forfeits its corporate charter, the directors of the forfeited corporation "wind up" the business of the corporation, holding its assets for the benefit of any creditors and trustees. *Cloverfield Imp. Ass'n, Inc. v. Seabreeze Properties, Inc.*, 362 A.2d 675 (Md. Ct. Spec. App. 1976), *aff'd* 373 A.2d 935 (Md. 1977). Peela, a director and trustee of San Systems, *see* Pl.'s Resp. in Opp., 7, ECF No. 7, may sue on behalf of San Systems.

Currently pending is Defendant BrownIT's Motion to Dismiss (ECF No. 6). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

In moving to dismiss the subject Complaint, BrownIT does not contend that Peela's allegations are not plausible, nor that they are inadequately pleaded. Instead, BrownIT argues

solely that the general four-year statute of limitations under Pennsylvania law, 42 Pa. Stat. and Cons. Stat. Ann. § 5525(a)(8) applies, rather than the twenty-year statute of limitations for a written contract under seal, 42 Pa. Stat. and Cons. Stat. Ann. § 5529(b). Defendant asserts that, although the contract recites the parties' intent to sign under seal, a seal was not affixed to the contract.

A defendant may raise the statute of limitations as a bar to the plaintiff's claims as an affirmative defense. *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). The defendant bears the burden of establishing a statute of limitations defense. *Goodman v. Praxair, Inc.* 494 F.3d 458, 464 (4th Cir. 2007). As a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the sufficiency of the complaint," that motion "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Id.* To properly raise a statute of limitations defense in a motion to dismiss, the complaint must include allegations supporting this time bar. *Id.* In other words, a district court will reach a statute of limitations defense if the "time bar is apparent on the face of the complaint." *Dean*, 395 F.3d at 474 (citing *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168 (3d Cir. 1978).

In this case, BrownIT has not, at this stage of the proceedings, met its burden of establishing a statute of limitations defense. Defendant must show that the contract was not signed under seal, but such allegation is not supported on the face of the Complaint. In fact, the parties recite that they *are* signing the contract under seal. Discovery is necessary to determine which statute of limitations applies. At the very least, this inquiry requires the

production of the original document. The Complaint does not contain allegations sufficient to establish that Peela's claim is time-barred under Pennsylvania law.

Accordingly, it is this 27th day of August, 2015, ORDERED that:

1. Defendant BrownIT's Motion to Dismiss (ECF No. 6) is DENIED;

2. The Clerk of the Court re-caption this case as "Jyothi Peela v. BrownIT Corporation;"

3. The Clerk of the Court transmit copies of this order to Counsel.

\_\_\_\_/s/_____
Richard D. Bennett
United States District Judge